● ORIGINAL ●  VIA FAX

Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
Robert C. Niesley, Bar No. 131373
Rebecca S. Glos, Bar No. 210396
2040 Main Street, Suite 300
Irvine, California 92614
Telephone:   949-852-6700
Facsimile:    949-261-0771

Attorneys for Plaintiff
INSURANCE COMPANY OF THE WEST

FILED
2008 AUG 14 PM 4:48
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, an Ohio corporation, <br><br> Defendant. | Case No. 08 CV 1492 JLS CAB <br> **COMPLAINT FOR:** <br> 1. **BREACH OF CONTRACT;** <br> 2. **CONVERSION;** <br> 3. **ACCOUNTING; AND** <br> 3. **DECLARATORY RELIEF** |

COMES NOW, Plaintiff INSURANCE COMPANY OF THE WEST ("ICW") and for causes of action against Defendant JPMORGAN CHASE BANK ("JPMORGAN") complains and alleges as follows:

**JURISDICTION AND VENUE**

1.  This court has jurisdiction and venue. These proceedings are instituted pursuant to the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity exists among the parties. Substantially all of the events giving rise to these proceedings occurred in the County of San Diego, State of California. Venue is proper in the United States District Court, Southern District of California.

## PARTIES

2. Plaintiff is, and at all times mentioned herein was, a corporation duly organized and existing under and by virtue of the laws of the State of California, whose principal place of business is in the State of California.

3. Plaintiff is, and at all times mentioned herein was, qualified to conduct business as a surety within the State of California and to engage in the activity described in this Complaint. Plaintiff is engaged in the business of underwriting surety bonds for the construction industry.

4. Plaintiff is informed and believes, and thereon alleges, that JPMORGAN is, and at all times mentioned herein was, a national banking institution qualified to do and doing business in the State of California, and is subject to the jurisdiction of this Court.

## PLAINTIFF'S ISSUANCE OF BONDS ON BEHALF OF BRAWLEY LUCKEY FOR THE PROJECT

5. Plaintiff is informed and believes, and thereon alleges, that, on or about January 2, 2007, BRAWLEY LUCKEY RANCH, L.P. ("Brawley Luckey") entered into a subdivision improvement agreement with the City of Brawley (the "City") for the construction of certain improvements related to the 277-lot subdivision commonly known as the "Luckey Ranch Unit #1 & 2" (the "Project").

6. On the same day, Plaintiff issued a Subdivision Performance Bond (No. 2206991) and Labor and Materials Payment Bond (No. 2206991) on behalf of Brawley Luckey, in the amount of $11,982,054.00, assuring the completion of the subdivision improvements related to the Project (collectively, the "Bonds").

## JPMORGAN'S ISSUANCE OF SET-ASIDE LETTER TO PLAINTIFF

7. Plaintiff is informed and believes, and thereon alleges, that Brawley Luckey subsequently entered into a Construction Loan Agreement with JPMORGAN, a national bank association, wherein JPMORGAN agreed to loan $35,000,000.00 to complete the Project (the "Loan").

///
///

- 2 -

COMPLAINT

8. In consideration for Plaintiff issuing the Bonds on behalf of Brawley Luckey, JPMORGAN also agreed to allocate $9,824,653.00 for Plaintiff's use in the event Plaintiff's liability was triggered under the Bonds ("Set-Aside Funds").

9. On or about February 12, 2007, JPMORGAN issued a Set-Aside Letter to Plaintiff stating the following:

> "In consideration of the execution by Insurance Company of the West of bond(s) in the amount of $11,982,054.00 (the 'Bonds') on behalf of the Borrower, guaranteeing to the City of Brawley the completion of certain improvements in said subdivision (the 'Improvements'), **Lender agrees that a maximum of $9,824,653.00 will be allocated within the loan and available for payment of costs of constructing the Improvements (the 'Set Aside')...Lender agrees...that such funds will be available directly to Insurance Company of the West for the use and benefit of Insurance Company of the West in connection with its liability under the Bonds as set forth hereafter.**" (Emphasis added.)

(A true and correct copy of the Set-Aside Letter is attached hereto as Exhibit "A".)

10. The Set-Aside Letter further states that JPMORGAN's obligations to release the Set-Aside Funds to Plaintiff, upon any trigger of Plaintiff's liability under the Bonds, were irrevocable and, therefore, could not be retracted:

> "This is an irrevocable commitment of funds on the terms set forth herein which is not subject to recall by Lender."

(*See* Exhibit "A".)

## FIRST CAUSE OF ACTION

(Breach of Contract)

11. Plaintiff hereby incorporates by reference Paragraphs 1 through 10, as though fully set forth herein.

12. During the course of the Project, Plaintiff discovered that Brawley Luckey was no longer financially able to complete the Project and, as a result, defaulted under the terms of the subdivision improvement agreement.

///

13. Shortly thereafter, Plaintiff, as the payment bond surety, began receiving payment bond claims from subcontractors who rendered labor and/or materials to construct the improvements for the Project.

14. Plaintiff also received a demand under the subdivision performance bond from the City to complete the outstanding improvements on the Project.

15. On or about January 18, 2008, Plaintiff requested that JPMORGAN release the Set-Aside Funds in order to allow Plaintiff to satisfy its obligations under the Bonds. Plaintiff further inquired as to whether any funds remained in the Set-Aside Funds and requested an accounting of the remaining balance (if any).

16. JPMORGAN responded that it would provide a more substantive response within a few days.

17. More than eight months later, on or about August 13, 2008, , JPMORGAN advised Plaintiff that it would not release any of the Set-Aside Funds to Plaintiff, notwithstanding the explicit terms set forth in the Set-Aside Letter.

18. Further, despite repeated requests by Plaintiff, JPMORGAN refused to provide an accounting of the disbursements made under the Set-Aside Funds.

19. Plaintiff expects to suffer damages in the nature of costs for, but not limited to, completion of the Project, payment to subcontractors who had entered into a contract with Brawley Luckey and provided services to complete the Project, attorneys' fees, costs and expenses as a result of Brawley Luckey's default, and JPMORGAN's breach of the Set-Aside Letter, raising JPMORGAN's liability to an amount subject to proof at trial.

20. Plaintiff has performed all of the terms, covenants and conditions on its part to be performed under the terms of the Set-Aside Letter.

21. JPMORGAN has breached the Set-Aside Letter and failed to comply with Plaintiff's request for a disbursement of the Set-Aside Funds.

WHEREFORE as set forth herein below, Plaintiff prays for judgment against JPMORGAN in an amount according to proof at trial in excess of $9,824,653.00, plus attorneys' fees, costs and any other additional expenses to be incurred as a result of its breach of the Set-

Aside Letter.

## SECOND CAUSE OF ACTION

### (Conversion)

22. Plaintiff incorporates by reference Paragraphs 1 through 21, as though set forth fully herein.

23. As stated above, Plaintiff and JPMORGAN entered into an agreement whereby, in exchange for Plaintiff issuing the Bonds on behalf of Brawley Luckey guaranteeing the completion of the aforementioned improvements on the Project, JPMORGAN agreed to allocate a minimum of $9,824,653.00 from the Loan in the event Plaintiff was required, as the surety, to complete said improvements.

24. Pursuant to the terms of this agreement, Plaintiff issued the Bonds on behalf of Brawley Luckey in connection with the Project.

25. JPMORGAN, however, now refuses to release the remaining balance of the Set-Aside Funds to Plaintiff, even though, based on Plaintiff's information and belief, Brawley Luckey has defaulted on the Project and can no longer complete its obligations under the subdivision improvement agreement entered into with the City. As a result of Brawley Luckey's default, Plaintiff has been required to perform under the Bonds by investigating, responding to, and paying all valid claims made against the Bonds.

26. By virtue of Plaintiff's issuance of the Bonds on behalf of Brawley Luckey for work performed on the Project, Plaintiff has a contractual right to the Set-Aside Funds in the amount of $9,824,653.00 that was being held by JPMORGAN in connection with the Project.

27. Despite knowledge of Plaintiff's rights to the Set-Aside Funds, JPMORGAN has refused to release the Set-Aside Funds and, instead, and has converted the Set-Aside Funds for its own use.

28. At the time JPMORGAN converted the Set-Aside Funds, JPMORGAN was guilty of malice, oppression, and a willful and conscious disregard for the rights of Plaintiff in that JPMORGAN, without making any investigation and with reckless indifference and willful and conscious disregard for the rights of any person who may have had an interest in the converted

Set-Aside Funds, and particularly for the rights of Plaintiff, did convert the Set-Aside Funds.

29. Further, after knowledge and notice of Plaintiff's interest in the converted Set-Aside Funds, JPMORGAN failed and refused, and continues to fail and refuse, to release the Set-Aside Funds to Plaintiff. By reason of these acts, Plaintiff has been oppressed and seeks punitive and exemplary damages.

WHEREFORE as set forth herein below, Plaintiff prays for judgment against JPMORGAN in an amount according to proof at trial in excess of $9,824,653.00, plus attorneys' fees, costs and any other additional expenses to be incurred as a result of its breach of the Set-Aside Letter.

### THIRD CAUSE OF ACTION

#### (Accounting)

30. Plaintiff incorporates by reference Paragraphs 1 through 29, as though set forth fully herein.

31. As a result of the agreement set forth in the Set-Aside Letter, JPMORGAN undertook a fiduciary duty to allocate and maintain, at a minimum, $9,824,653.00 for Plaintiff's use in connection with its obligations under the Bonds.

32. Plaintiff is informed and believes, and thereon alleges, that, during the course of construction, Brawley Luckey made several draws from the Loan for use on the Project.

33. Plaintiff is informed and believes, and thereon alleges, that Brawley Luckey is no longer able to complete the aforementioned improvements on the Project.

34. Pursuant to the terms of the Set-Aside Letter, Plaintiff has repeatedly requested that JPMORGAN: (1) provide an accounting of any remaining balance of the Set-Aside Funds; and (2) if any remaining balance exists, release the same to Plaintiff for use in connection with its obligations under the Bonds.

35. To date, JPMORGAN has refused to account for any remaining balance of the Set-Aside Funds, or release any remaining balance to Plaintiff for use on the Project.

///
///

- 6 -

**COMPLAINT**

WHEREFORE as set forth herein below, Plaintiff prays for judgment against JPMORGAN requiring JPMORGAN to, among other things, provide an accounting of all credits and debits to the Construction Loan Agreement, the current balance, the payees on all debits, the payors on all credits, all corresponding transaction dates and numbers, and any and all other reasonable information necessary to understand the history and status of the Loan.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

36. Plaintiff incorporates by reference Paragraphs 1 through 35, as though set forth fully herein.

37. An actual controversy has arisen and now exists between Plaintiff and JPMORGAN, in that Plaintiff contends and JPMORGAN denies that pursuant to the terms of the Set-Aside Letter, JPMORGAN is obligated to release the Set-Aside Funds to Plaintiff since Plaintiff's liability as the bond surety for the completion of the Project has been triggered.

38. Plaintiff desires a judicial determination of the respective rights and duties of Plaintiff and JPMORGAN, with respect to the Set-Aside Letter. In particular, Plaintiff desires a judicial declaration that as a result of having executed the Set-Aside Letter and Plaintiff issuing the Bonds referenced herein, JPMORGAN is obligated to disburse the Set-Aside Funds to Plaintiff to complete the Project.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. On the First Cause of Action for damages in an amount according to proof at trial in excess of $9,824,653.00, plus attorneys' fees, costs, and any other additional expenses to be incurred against JPMORGAN;

2. On the Second Cause of Action for damages in an amount according to proof at trial in excess of $9,824,653.00, damages for time and money properly expended in the pursuit of the converted Set-Aside Funds in an amount not yet ascertained, for punitive and exemplary damages, attorneys' fees, costs, and any other additional expenses to be incurred against JPMORGAN;

///

3. On the Third Cause of Action for JPMORGAN to, among other things, provide an accounting of all credits and debits to the Construction Loan Agreement, the current balance, the payees on all debits, the payors on all credits, all corresponding transaction dates and numbers, and any and all other reasonable information necessary to understand the history and status of the Loan;

4. On the Fourth Cause of Action, Plaintiff prays for a declaration of the rights of the parties to the Set-Aside Letter as contended by Plaintiff;

5. For Plaintiff's costs of suit herein;

6. For reasonable attorneys' fees incurred by Plaintiff in prosecution of this action; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 14, 2008

Watt, Tieder, Hoffar & Fitzgerald, L.L.P.

By: _____
Robert C. Niesley
Rebecca S. Glos
Attorneys for Plaintiff
INSURANCE COMPANY OF THE WEST

IRVINE 131448.1 101633.041

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.
ATTORNEYS AT LAW

- 8 -

**COMPLAINT**

**EXHIBIT A**

**EXHIBIT "A"**

**JPMorgan**

Steven D. Strehlow  
Vice President

Commercial Real Estate  
Loan Administration  
Mail Code AZ1-1009  
201 N. Central Avenue  
Phoenix, AZ 85004

tel (602) 221-1252  
fax (602) 221-1116

February 12, 2007

Mr. Lex Nabers  
Insurance Company of the West  
1800 Sutter Street, Suite 420  
Concord, CA 94520

RE: Brawley Luckey Ranch, L. P., a California Limited Partnership, et al

This letter is to inform you that JPMorgan Chase Bank NA, a national banking association ("Lender") has recorded financing for Brawley Luckey Ranch, L. P., a California Limited Partnership, et al ("Borrower") in the original total face amount of $35,000,000.00 (the "Loan") for the construction of an 277 lot subdivision constituting "Luckey Ranch Unit #1 & 2" subdivision and selected infrastructure improvements adjacent to the project.

In consideration of the execution by Insurance Company of the West of bond(s) in the amount of $11,982,054.00 (the "Bonds") on behalf of Borrower, guaranteeing to the City of Brawley the completion of certain improvements in said subdivision (the "Improvements"), Lender agrees that a maximum of $9,824,653.00 will be allocated within the loan and available for payment of costs of constructing the Improvements (the "Set Aside"). Such funds will be available to Borrower in accordance with the procedures set forth in the Construction Loan Agreement relating to the Loan (the "Loan Agreement") upon its completion.

In disbursing the Loan proceeds for the construction of the Improvements, Lender agrees only to comply with the provisions of said Loan Agreement in disbursing such funds and in no event will Lender be liable for the misapplication of funds by Borrower or if the funds in the Loan are not adequate to complete the Improvements. Lender agrees, however, that such funds will be available directly to Insurance Company of the West for the use and benefit of Insurance Company of the West in connection with its liability under the Bonds as set forth hereafter.

In the event the Improvements have not been completed prior to two (2) business days prior to the maturity date of the Loan (and any extensions thereof) or the termination of the commitment, as evidenced by a completion notice from the City of Brawley under the Bonds, any undisbursed funds remaining in the Set Aside will be disbursed to Insurance Company of the West under the same terms and conditions as if disbursed to Borrower, excluding physical completion. Insurance Company of the West shall not in any way be obligated to repay said funds so used to Lender, but all such funds drawn by Insurance Company of the West shall be added to the outstanding principal balance of the Loan and be repaid by Borrower in accordance with the Loan Agreement and Promissory Note executed by Borrower. It is specifically understood that in no event shall Lender have any personal liability for the payment of such funds, but shall only be obligated to disburse the same if available from the remaining undisbursed proceeds of the Set Aside allocated for the construction of the Improvements.

In the event we commence foreclosure proceedings in connection with the above referenced property, Insurance Company of the West will be notified in writing, within 10 days, however, any such foreclosure proceeding shall not in any way alter our obligation to Insurance Company of the West hereunder.

Notwithstanding anything to the contrary contained herein, Lender's obligations under this letter expire on the maturity date of the Loan or the termination of the Loan commitment thereof.

February 12, 2007

This is an irrevocable commitment of funds on the terms set forth herein which is not subject to recall by Lender.

JPMorgan Chase Bank NA, a national banking association

By: _____
Steven D. Strehlow
Vice President

We hereby agree to the foregoing:

Brawley Luckey Ranch, L. P., a California Limited Partnership, et al

By:

ACCEPTED:

Insurance Company of the West

By:

Name:

Title:

2

**ORIGINAL VIA FAX**

JS 44 (Rev. 12/07)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2008 AUG 14 PM 4:46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KM _____ DEPUTY

### I. (a) PLAINTIFFS
INSURANCE COMPANY OF THE WEST

### DEFENDANTS
JPMORGAN CHASE BANK, an Ohio corporation

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rebecca S. Glos, SBN 210396
WATT, TIEDER, HOFFAR & FITZGERALD
2040 Main Street, Suite 300
Irvine, CA 92614
(949) 852-0700

Attorneys (If Known)

'08 CV 1492 JLS CAB

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General | IMMIGRATION | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | [ ] 463 Habeas Corpus - Alien Detainee | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Breach of Contract, Conversion, Accounting and Declaratory Relief

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: August 14, 2008
SIGNATURE OF ATTORNEY OF RECORD: _____ for Rebecca S. Glos, Esq.

FOR OFFICE USE ONLY
RECEIPT # 154065   AMOUNT $350  8/14/08/BH   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

CSDJS44

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 154065      -- BH

        August 14, 2008
            16:47:13


         Civ Fil Non-Pris
  USAO #.: 08CV1492 CIVIL FILING
  Judge..: JANIS L. SAMMARTINO
  Amount.:              $350.00 CK
  Check#.: BC#64236



  Total-> $350.00



  FROM: INS. CO OF THE WEST V.
        JP MORGAN CHASE BANK
        CIVIL FILING
```